**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIECSON J. VILARINO,**

        **Plaintiff,**

**-vs-**                                                        **Case No. 6:10-cv-1530-Orl-22GJK**

**RADISSON HOTEL INTERNATIONAL**
**DRIVE, LLC,**

        **Defendant.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RULE 55(b)(2) MOTION FOR ENTRY OF DEFAULT JUDGMENT AND MOTION TO TAX ATTORNEY'S FEES AND COSTS** (Doc. No. 12) |
| **FILED:** | **June 14, 2011** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

**I.**     **BACKGROUND.**

On October 15, 2010, Diecson J. Vilarino ("Vilarino") filed a complaint (the "Complaint") for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA" or the "Act") against Radisson Hotel International Drive, LLC ("Radisson"). Doc. No. 1. Vilarino alleges that the Radisson failed to compensate Vilarino under the FLSA at a rate not less

than one and one-half times Vilarino's regular rate of pay for hours worked in excess of forty (40) hours per week. Doc. No. 1 at ¶ 10. In the Complaint, Vilarino seeks overtime wages, liquidated damages, attorneys' fees, costs, and prejudgment interest against Radisson. Doc. No. 1 at 3.

Vilarino alleges the following:

> [Vilarino] was an employee of [Radisson] and which [Radisson], at all times relevant to the violation of the [FLSA] was engaged in commerce as defined by 29 U.S.C. Section 206(a) and 207(a)(1). Alternatively, [Radisson] is an enterprise engaged in commerce or in the production of good for commerce. . . .

Doc. No. 1 at ¶¶ 6-7. Thus, Vilarino alleges that Radisson is an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA. *Id*.

After being served with the Compliant, Radisson failed to respond. Doc. Nos. 5, 10. On March 25, 2011, default was entered against Radisson. Doc. No. 10. On June 14, 2011, and pursuant to Rule 55(b), Vilarino filed the instant Rule 55(b)(2) Motion for Entry of Default Judgment and Motion to Tax Attorney's Fees and Costs (the "Motion") against Radisson. Doc. No. 12. Radisson failed to file any opposition to the Motion.

## II.    THE LAW AND ANALYSIS

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 206 (5th Cir. 1975).[1] A default judgment may be entered only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu*, 515 F.2d at 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

law."). Therefore, a court must examine the sufficiency of the allegations in the complaint to determine whether a default judgment is warranted. *Kwasnik v. Charlee Family Care Services of Central Florida*, Case No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809 at *3 (M.D. Fla. Jun. 9, 2009) (citing *Fid. & Deposit Co. v. Williams*, 699 F.Supp. 897, 899 (N.D. Ga. 1988)).

"While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555. A plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1950 (2009)).

In *De Lotta v. Dezenzo's Italian Restaurant, Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, Doc. No. 32, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009), the Honorable District Court Judge Anne C. Conway, stated:

> [T]o establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of facts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce.

*Id.* (citing 29 U.S.C. § 207(a)(1)).  Thus, "[t]o establish jurisdiction for an overtime violation under the FLSA, an employee must show either: '(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage) or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).'" *De Lotta*, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (quoting *Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d. 1374, 1378 (S.D. Fla. 2009)).

In this case, Vilarino alleges enterprise coverage, that Radisson was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA.  Doc. No. 1 at ¶¶ 6-7.  Enterprise coverage applies where:

> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) the employer's annual gross volume of sales is $500,000 or more.

*Dent v. Giaimo*, 606 F.Supp.2d 1357, 1360 (S.D.Fla.2009) (citing 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238)).  *See also, Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 303 Fed.Appx. 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute *and* must gross over $500,000 annually.") (emphasis in original) (citing 29 U.S.C. § 203(s)(1)(A)(i)-(ii)).[2]  A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De*

---

[2] In the Eleventh Circuit, unpublished decisions are persuasive but not binding authority.

*Lotta*, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval*, 303 Fed.Appx. at 805).

In the Complaint, Vilarino's only allegation regarding whether Vilarino was employed by an enterprise engaged in commerce or the production of goods for commerce is: "[Vilarino was an employee of [Radission] and which [Radisson], at all times relevant to the violations of the [FLSA] was engaged in commerce. . . . Alternatively, [Radisson] is an enterprise engaged in commerce or in the production of good for commerce. . . ." Doc. No. 1 at ¶¶ 6-7. This allegation, as pled, is insufficient to establish enterprise coverage under the FLSA. As set forth above, a default judgment may only be entered when it is supported by well pled factual allegations. Thus, the undersigned finds that default judgment is not appropriate because Vilarino has failed to sufficiently plead or otherwise provide a factual basis to support a finding of enterprise coverage under the FLSA.

**THEREON** it is **RECOMMENDED** that the Court:

1) **DENY** the Motion (Doc. No. 12) because it is not supported by well pled allegations;

2) Direct Vilarino to file an amended complaint with fourteen (14) days;

3) Direct Vilarino to serve the amended complaint within thirty (30) days; and

4) Notify Vilarino that failure to timely file and serve the amended complaint will result in the dismissal of the case without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on August 30, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Presiding District Judge
Counsel of Record
**Unrepresented Parties by Certified Mail**